UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case Number: 16-20963-CIV-GAYLES

FILED by YM D.C.

DEC 21 2016

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

ROBERT JOSEPH SARHAN, M.D.
      Plaintiff

v.

THE BOARD OF TRUSTEES
MIAMI DADE COLLEGE
      Defendants,

Demand for Jury Trial

**PLAINTIFF'S SECOND AMENDED COMPLAINT AGAINST THE DEFENDANTS FOR VIOLATION OF TITLE VII FOR DISCRIMINATION AND RETALIATION**

Plaintiff, ROBERT JOSEPH SARHAN, MD, sues the DISTRICT BOARD OF TRUSTEES OF MIAMI-DADE COLLEGE for retaliation and discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sec 1981: In support, he states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over Plaintiff's Title VII claims under 28 U.S.C. § 1331.

2. Venue is proper under 28 U.S.C. § 1391(a) because the Defendant resides in Miami-Dade County, Florida and because the cause of action and damages occurred here, *i.e.*, the Defendant's Medical Campus located in this District.

3. On December 18, 2015, the EEOC mailed out Plaintiff's Right to Sue Letter, as such Plaintiff has exhausted all administrative remedies and fulfilled all conditions precedent to filing.

1

## PARTIES

4. Plaintiff, Robert Joseph Sarhan, MD, is a Middle Eastern American White Male. He is a resident of Miami-Dade County and employee of Miami-Dade College's Medical Campus.

5. Defendant, the District Board of Trustees of Miami-Dade College, (hereinafter the "College" "MDC" or "Defendant") is the corporate body controls and governs Miami-Dade College; a community college as defined by Fla. Stat. § 1000.21. MDC receives Federal financial assistance and is subject to Title VII.

## STATEMENT OF FACTS

6. Plaintiff has experienced retaliation and discrimination on the account of his race and national origin.

7. The discrimination comes in the form of Hispanic preference in MDC hiring practices.

8. The Plaintiff has never been disciplined, criticized, or removal of any privileges in his 5 years of employment, which would be in January 2017.

9. MDC has subjected Plaintiff to discrimination based on his race and national origin by refusing to hire Plaintiff for a full time faculty position, because the Plaintiff is White and of Middle Eastern Decent and a Non Hispanic.

10. Plaintiff was hired by MDC in January 2012, as an Adjunct Professor.

11. Plaintiff is a Medical Doctor and practice medicine at the Federal Correctional Institution in Miami Florida for 13 years, treating patients for Hypertension, Heart Disease, Diabetes Mellitus, Lung Disease such as Chronic Obstructive Pulmonary Disease, Asthma, Gastrointestinal diseases, such as Peptic Ulcer Disease, Crohn's Disease, Ulcerative Colitis and

many other ailments seen in a family practice. The Plaintiff also treated Emergencies such as Heart Attacks, stab wounds, assaults, and did minor surgery on inmates.

12. More specifically, Plaintiff has been treated differently than Hispanic employees and external candidates that were also Hispanic.

13. Plaintiff has been earning less than the poverty level between nine thousand dollars and twelve thousand dollars per year.

14. Plaintiff has applied to many full time faculty positions that he was qualified to teach over a four year period, where he never received an interview.

15. In October of 2014, two positions became available to teach the Physician Assistant Program (ID: 406300) in which the Plaintiff was qualified to teach.. Plaintiff interviewed for the position to teach the Physician Assistant Program, in which he was denied the position to two Hispanic Males that were less qualified than the Plaintiff and were friends. The position paid seventy thousand dollars per year.

16. Immediately after the Plaintiff found out that he was denied the position, he called his supervisor, Dr Mark Everett and also sent him two emails. Exhibit A & B.

17. The disparate treatment and retaliation has come at the hands of the Defendant, through it agents like the staff which interviewed the Plaintiff, they were all Hispanic. There was no diversity among their staff, no Whites, no Blacks, no American Indian, and no Other.

18. Plaintiff did a Power Point Presentation on Pulmonary Hypertension and did an excellent performance and again in front of all Hispanic staff, that did not have the education and training as the Plaintiff.

19. Indeed, in the last 4 years, Plaintiff has experienced a pattern and practice of discrimination.

20. Throughout Plaintiff's employment, Dr Mark Everett, always had very nice things to say about my work and never had one complaint, and always worked any classes that were offered to the Plaintiff.

21. After Dr Everett moved up to be the Medical Campus President, I was given classes by Fabio Nascimento, he always stated I did a great job and never one complaint.

22. Throughout the Plaintiff's employment, he taught Anatomy and Physiology I & II, Anatomy and Physiology Labs I & II, Microbiology, Microbiology Labs, Biology, Introduction to Medicine to mostly nursing students, physician assistant students or future medical students.

23. Plaintiff was always willing to help his students, before class, after class, on Saturday in the Homestead library. Plaintiff was never compensated or ever requested compensation. Plaintiff gave 110 % to help every student that had difficulties grasping Anatomy and Physiology or Microbiology.

24. Plaintiff was called by the Miami Herald Editor immediately after filing his complaint and stated "that Hispanic Preference has been going on for many years."

25. Plaintiff never complained formally about the discrimination here at Miami Dade College, until Plaintiff was denied the Physician Assistant Position.

26. After complaining to some colleagues, they agreed that Hispanic Preference has been going on for many years and many of these colleagues has worked at Miami Dade College twice as long as the Plaintiff and Miami Dade Colleges refuses to give them full time faculty positions, because they are of the Black Race, White Race, American Indian Race and Others.

27. Plaintiff's efforts to redress his discriminatory complaints have only led to more discriminatory action, by not giving the Plaintiff any classes to teach for the Summer of 2016, Fall of 2016 and Spring of 2017.

4

28.     This retaliation also comes in multiple forms resulting in multiple adverse employment actions that affect his rights, terms, and conditions of employment.

29.     Plaintiff did complain to staff at MDC employment office and Dr Mark Everett, but nothing was done to rectify the problem of discrimination.

30.     Plaintiff then contacted the Equal Employment Opportunity Commission, since his complaint fell on death ears.

31.     Plaintiff was systemically stripped from his position and is no longer teaching at MDC.

32.     Plaintiff has never received a performance evaluation in 4 years, never received anything negative from Fabio Nascimento or Dr Mark Everett.

33.     MDC has failed to adequately monitor its agents and employees to ensure that MDC policies and procedures were promptly implemented.

34.     MDC's failure to monitor its agents and employees, allowed the discriminatory motives of supervisors and managers in the Medical Campus department to disparately impact Plaintiff in the form of denying Plaintiff classes to teach, where now Plaintiff has suffered financially.

35.     MDC, through its agents, have discriminated and retaliated against the Plaintiff that he suffered financially, medically, and emotionally.

36.     Plaintiff fully believes if he were Hispanic, especially of Cuban decent, Plaintiff would of received a full time faculty position to teach the Physician Assistant Program and other programs applied for. It is the Plaintiff belief, as well as the Miami Herald, that Miami Dade College has violated Title VII for some twenty years in hiring process of Hispanic preference, especially of Cuban decent. Whereas Blacks, Whites, American Indian, and Others have been discriminated against in Miami Dade Colleges hiring process.

## COUNT 1

## DISCRIMINATION/DISPARARTE TREATMENT UNDER TITLE VII

37.     Plaintiff incorporates and realleges paragraph 1 through 36 as if fully rewritten herein.

38.     Plaintiff was subjected to discrimination because of his race and national origin by the Defendant.

39.     Defendant's agents and employees with supervisory authority over the Plaintiff intentionally discriminated against Plaintiff because he is of White Race and of Middle Eastern Origin and is Non Hispanic.

40.     MDC's agents and employees with supervisory authority have committed and continue to commit discriminatory employment practices against Plaintiff because he is of White Race and of Middle Eastern Origin and Non Hispanic.

41.     MDC's agents and employees with supervisory authority were not monitored by MDC to ensure enforcement of MDC's Equal Employment Opportunity policies. Thus, discriminatory employment practices are being committed against the Plaintiff at MDC's Medical Campus.

42.     MDC's agent and employees with supervisory authority over Plaintiff, specifically, the staff in charge of hiring for the Physician Assistant Program Position that the Plaintiff was denied, and other positions that the Plaintiff applied for, continuously engage in discriminatory employment practices against the Plaintiff and facilitate systematic pattern or practice of MDC's discrimination against Plaintiff.

43.     The Defendant engaged in a pattern and practice of discriminating against its White, Black, American Indian and Other employees, who are Non Hispanic, specifically Plaintiff with respect to receiving full time faculty positions which violates the terms, conditions and privileges of his employment.

6

44. Defendant has undermined Plaintiff's position.

45. The selection procedures of the Defendant have and continue to have a disparate impact on Whites, Blacks, American Indians and Other employees, who are Non Hispanic, specifically Plaintiff, who is of the White Race and of Middle Eastern decent, who is Non Hispanic.

46. The Plaintiff has been and continues to be deprived of the opportunity of working in an environment free of racial and national origin discrimination and the opportunity to work, since filing this EEOC Complaint and Lawsuit, Plaintiff has been denied work, where he has been financially, medically and emotionally devastated by the actions of MDC.

47. The unlawful actions of the Defendant as set forth above constitutes a practice, pattern and custom or policy of the Defendant for allowing acts of racial and national origin discrimination and retaliation in violation of its employees' federally protected rights.

48. The Defendant knew, or should have known, of the racial discrimination, and retaliation of the Plaintiff.

49. The Defendant failed to promote and take any effective action reasonably calculated to result in the prevention of and/or remedy of the racial, national origin discrimination and retaliation of the Plaintiff.

50. The action of the Defendant violate Title VII.

51. Because of the action of the Defendant, the Plaintiff has been and continues to be injured, suffering distress, humiliation, loss of prestige, mental anguish, emotional pain and suffering, and monetary and economic losses.

52. MDC is vicariously liable for the intentional discriminatory employment practices committed by staff members of the MDC Medical Campus against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.

**WHEREFORE,** Plaintiff demands judgment against the Defendant and ask for the following relief:

    a. Award Plaintiff economic and compensatory damages, including, back pay, prejudgment interest, and damages for pain and suffering, plus all employment benefits he would have received but for the disciplinary and retaliatory.

    b. Preliminary and permanently restraining Defendant from engaging in the aformentioned conduct.

    c. Awarding Plaintiff front pay, and

    d. Award of nominal, compensatory damages for all legal relief sought in this complaint; and

    e. Award punitive damages in the Amount of Ten Million Dollars to punish the Defendant's for their continued discriminatory and retaliatory hiring process in which many lives and families lives have been devastated, such as the Plaintiff.

    f. Prejudgment interest; and

    g. Award reasonable attorney's fees and cost incurred in this action under 42 U.S.C. 1088; (if Plaintiff hires an attorney) and

    h. Order any other relief this Court deems to be just and proper.

## COUNT II

### RETALIATION

53.    Plaintiff incorporates and realleges paragraphs 1 through 36 as if fully rewritten herein.

54.    Plaintiff, after complaining about the discrimination against him by MDC has been retaliated against with not allowing the Plaintiff to continue teaching classes. Plaintiff has taught classes since January 2012 and continuously taught classes all year round, Fall, Spring and Summer. Since filing the EEOC Complaint and this lawsuit, Plaintiff has not received any classes for the Summer of 2016, Fall of 2016 and Spring of 2017.

55. As discussed above, in retaliation for the Plaintiff's good faith opposition to discrimination, the Defendant has retaliated against him.

56. The Defendant's conduct was retaliation based on the Plaintiff's protected activities of opposing racial and national origin discrimination.

57. Because of the actions of the Defendant, the Plaintiff continues to be injured and suffer ongoing damages.

**WHEREFORE,** Plaintiff demand judgment against the Defendant and ask for the following relief:

   a. A judgment that the Defendant's employment practices challenged herein are illegal and in violation of Title VII: and
   b. Award Plaintiff back pay, prejudgment interest, and damages for all employment benefits they would have received but for the discrimination and retaliatory conduct;
   c. Preliminary and permanently restraining Defendant from engaging in the aforementioned conduct; and
   d. Award Plaintiff front pay in lieu of reinstatement; and
   e. Award of nominal, compensatory for all legal relief sought in this complaint; and
   f. Award punitive damages in the Amount of Ten Million Dollars to punish the Defendant's for their continued discriminatory and retaliatory hiring process in which many lives and families lives have been devastated, such as the Plaintiff.
   g. Prejudgment interest; and
   h. Award reasonable attorney fees and costs incurred in this action under 42 U.S.C. 1988; and
   i. Order any other relief this Court deems just and proper.

## COUNT III

## RACE DISCRIMINATION AND REATLIATION-VIOLATION OF 42 U.S.C. 1981

58. Plaintiff incorporates and realleges paragraphs 1 through 36 as if fully rewritten herein. As set forth in detail above, the Defendant intentionally and maliciously discriminated against the Plaintiff in the terms, conditioned and benefit of their employment based on race.

59. The Defendant failed to adequately promulgate, disseminate, and enforce a racial discrimination policy.

60. The Defendant condoned and/or otherwise ratified the unlawful, racially discriminatory action against Plaintiff.

61. The Defendant thus, as outlined above, has violated the proscriptions against race discrimination and retaliation under 42 U.S.C. Sec 1981.

62. The Plaintiff has suffered damages as a proximate result of these violations, which were caused by Defendant's policy or custom and/or a failure to adequately train caused by deliberate indifference to the Plaintiff's federally protected rights and/or by deliberate indifference to those violations.

63. The unlawful conduct of the Defendant, as described above, constitute a custom or policy of the Defendant for allowing acts of racial discrimination and retaliation of the Plaintiff.

64. The Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to the Plaintiff's federally protected rights.

65. As a result of Defendant's conduct, Plaintiff were deprived of income and other benefit due to him. Plaintiff also suffered embarrassment, emotional distress, mental anguish, loss of enjoyment of life, inconvenience, humiliation, loss of sleep, medical and dental problems that Plaintiff continues to suffer. The unwelcome racial discrimination and retaliation created an

intimidating, oppressive, hostile and offensive work environment that interfered with Plaintiff's emotional and physical well being.

66. Plaintiff has no adequate, or complete remedy at law to redress the wrongs alleged herein and this suit back pay, injunctive relief, compensatory and punitive damages and a judgment is their only means of securing adequate relief.

67. The Plaintiff are now suffering and will continue to suffer irreparable injury from the Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

**WHEREFORE,** Plaintiff demand judgment against the Defendant and ask for the following relief:

    a. A judgment that the Defendant's employment practices challenged herein are illegal in violation of 42 U.S.C. Sec 1981.
    b. Awarding Plaintiff back pay, prejudgment interest, and damages for all employment benefits they would have received but for the discriminatory and retaliatory conduct;
    c. Preliminary and permanently restraining Defendant from engaging in the aforementioned conduct; and
    d. Awarding Plaintiff front pay in lieu of reinstatement; and
    e. Award of nominal, compensatory claims for all legal relief sought in this complaint;
    f. Award punitive damages in the Amount of Ten Million Dollars to punish the Defendant's for their continued discriminatory and retaliatory hiring process in which many lives and families lives have been devastated, such as the Plaintiff.
    g. Prejudgment interest
    h. Awarding reasonable attorney fees and cost, if Plaintiff hires an attorney in this action;
    i. Order any other relief this Court deems to be just and appropriate.

## COUNT IV

## NATIONAL ORIGIN DISCRIMINATION AND REATLIATION-VIOLATION OF 42 U.S.C. 1981

68.  Plaintiff incorporates and realleges paragraphs 1 through 36 as if fully rewritten herein. As set forth in detail above, the Defendant intentionally and maliciously discriminated against the Plaintiff in the terms, conditioned and benefit of their employment based on national origin.

69.  The Defendant failed to adequately promulgate, disseminate, and enforce a national origin discrimination policy.

70.  The Defendant condoned and/or otherwise ratified the unlawful, national origin discriminatory action against Plaintiff.

71.  The Defendant thus, as outlined above, has violated the proscriptions against national origin discrimination and retaliation under 42 U.S.C. Sec 1981.

72.  The Plaintiff has suffered damages as a proximate result of these violations, which were caused by Defendant's policy or custom and/or a failure to adequately train caused by deliberate indifference to the Plaintiff's federally protected rights and/or by deliberate indifference to those violations.

73.  The unlawful conduct of the Defendant, as described above, constitute a custom or policy of the Defendant for allowing acts of national origin discrimination and retaliation of the Plaintiff.

74.  The Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to the Plaintiff's federally protected rights.

75.  As a result of Defendant's conduct, Plaintiff were deprived of income and other benefit due to him. Plaintiff also suffered embarrassment, emotional distress, mental anguish, loss of

enjoyment of life, inconvenience, humiliation, loss of sleep, medical and dental problems that Plaintiff continues to suffer. The unwelcome national origin discrimination and retaliation created an intimidating, oppressive, hostile and offensive work environment that interfered with Plaintiff's emotional and physical well being.

76. Plaintiff has no adequate, or complete remedy at law to redress the wrongs alleged herein and this suit back pay, injunctive relief, compensatory and punitive damages and a judgment is their only means of securing adequate relief.

77. The Plaintiff are now suffering and will continue to suffer irreparable injury from the Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

**WHEREFORE,** Plaintiff demand judgment against the Defendant and ask for the following relief:

   a. A judgment that the Defendant's employment practices challenged herein are illegal and in violation of 42 U.S.C. Sec. 1981.
   b. Awarding Plaintiff back pay, prejudgment interest, and damages for all employment benefits they would have received but for the discriminatory and retaliation conduct.
   c. Preliminary and permanently restraining Defendant from engaging in the aforementioned conduct; and
   d. Awarding Plaintiff front pay in lieu of reinstatement; and
   e. Award of nominal, compensatory claims for all legal relief sought in this complaint;
   f. Award punitive damages in the Amount of Ten Million Dollars to punish the Defendant's for their continued discriminatory and retaliatory hiring process in which many lives and families lives have been devastated such as the Plaintiff.
   g. Prejudgment interest
   h. Awarding reasonable attorney fees and cost, if Plaintiff hires an attorney in this action;
   i. Order any other relief this Court deems to be just and appropriate.

## DEMAND FOR JURY TRIAL

78.    The Plaintiff demands a trial by jury on all issues so triable.

Dated this 21 day of December 2016                           Respectfully Submitted,

*[signature]* MD
Robert J. Sarhan, MD
22795 SW 212 Ave
Miami, Florida 33170
Tel.No.305-338-6160
drrob2007@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and Correct Copy of the foregoing was sent to Suzanne A. Singer Rumberger, Kirk & Caldwell, P.A. Brickell City Tower, Suite 3000  80  S.W. 8 Street 33130-3037 Post Office Box 01-9041 Miami, Florida 33101 on this 21 day of December 2016.

*[signature]* MD
Robert J. Sarhan, MD
22795 SW 212 Ave
Miami, Florida 33170
Tel.No.305-338-6160
drrob2007@yahoo.com