# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20963-CIV-GAYLES

ROBERT JOSEPH SARHAN, M.D.,

    Plaintiff,

v.

THE BOARD OF TRUSTEES OF
MIAMI-DADE COLLEGE,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's "Third" Amended Complaint and Motion to Strike [ECF No. 64]. The Court has reviewed the Motion, the record, and the applicable law. For the reasons set forth below, Defendant's Motion is GRANTED in part.

## BACKGROUND

Plaintiff Robert Joseph Sarhan ("Plaintiff") is a physician who worked as an adjunct professor at Miami-Dade College. Plaintiff contends that The Board of Trustees of Miami-Dade College ("Defendant") discriminated against him on the basis of race and national origin when it denied him a full-time teaching position in Defendant's Physician Assistant Program. Plaintiff also contends that Defendant retaliated against him after he filed a charge with the EEOC.

*Initial Complaint*

On March 16, 2016, Plaintiff, appearing pro se, filed a Complaint against Miami-Dade College. [ECF No. 1]. Defendant moved to dismiss, arguing that Plaintiff: (1) named the wrong party as The Board of Trustees of Miami-Dade College was the proper defendant; (2) failed to

properly serve Defendant; (3) failed to state a claim; and (4) improperly requested punitive damages. [ECF No. 10].

*Amended Complaint (Second Attempt)*

On May 31, 2016, before the Court ruled on Defendant's fully briefed motion to dismiss, Plaintiff filed an Amended Complaint, now naming Defendant as the proper party. [ECF No. 14]. Defendant moved to dismiss, again arguing improper service and failure to state a claim. On October 21, 2016, the Court granted Defendant's motion, finding that Plaintiff's Amended Complaint was a shot gun pleading because each count improperly adopted the allegations of all preceding counts. [ECF No. 33]. The Court directed Plaintiff to file a Second Amended Complaint on or before November 4, 2016, and instructed Plaintiff that failure to do so would result in dismissal of the action. Plaintiff failed to timely file a Second Amended Complaint and, on November 7, 2016, the Court dismissed this action without prejudice.

*Second Amended Complaint (Third Attempt)*

On November 15, 2016, Plaintiff moved to reopen the action, arguing that he did not receive the Order dismissing his Amended Complaint.[1] [ECF No. 39]. The Court permitted Plaintiff to amend his claims and, on December 21, 2016, Plaintiff filed his Second Amended Complaint. [ECF No. 46]. On January 4, 2017, Defendant moved to dismiss the Second Amended Complaint, again arguing improper service and failure to state a claim. [ECF No. 47]. Rather than respond to the Motion to Dismiss, Plaintiff filed a Third Amended Complaint without requesting leave of Court. [ECF No. 49]. Plaintiff then filed a belated request for leave to file his Third Amended Complaint. [ECF No. 52].

---

1  The Court's records indicate that the Clerk mailed the Order [ECF No. 33] to Plaintiff at 22795 SW 212 Avenue, Miami, Florida 33170 – the same address currently listed for Plaintiff. Plaintiff has since provided the Court with an email address for notifications.

2

*Third Amended Complaint (Fourth Attempt)*[2]

On September 22, 2017, the Court granted Plaintiff's request to file a Third Amended Complaint and designated ECF No. 49 to be the operative complaint. On October 11, 2017, Defendant filed the instant Motion to Dismiss [ECF No. 64].[3]

**ANALYSIS**

I. PRO SE PLAINTIFFS

Plaintiff has chosen to proceed in this matter without counsel.[4] However, appearing pro se does not excuse a Plaintiff from following the Federal Rules of Civil Procedure, pleading requirements, or the rules of this Court. "[A]lthough we are to give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules." *Alban v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (internal citation and quotation omitted); *McNeil v. United States,* 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L.Ed.2d 21 (1993) (explaining that the Court "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law").

II. SHOTGUN PLEADINGS

A shotgun pleading "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain

---

2 On February 9, 2017, Plaintiff filed another "Third Amended Complaint" [ECF No. 51] which contains almost identical allegations as the Third Amended Complaint filed on January 18, 2017 [ECF No. 49]. The Court, however, deemed ECF No. 49 to be the operative complaint.

3 Plaintiff requested leave to file a Fourth Amended Complaint, which the Court denied. [ECF No. 70].

4 The Court denied Plaintiff's prior request for a court appointed attorney as civil litigants are not entitled to counsel.

irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Here, the Third Amended Complaint impermissibly "incorporates every allegation by reference into each subsequent claim for relief." *Perret v. Wyndham Vacation Resorts, Inc.*, 946 F. Supp. 2d 1327, 1334 (S.D. Fla. 2012). Specifically, in Count One, plaintiff "realleges all paragraphs set forth fully herein." [ECF No. 49 at ¶ 60.]. In Count Two, plaintiff again "realleges all paragraphs set forth fully herein," thus incorporating Count One into Count Two. [ECF No. 49 at ¶ 61]. Finally, in Count Three, plaintiff "incorporate[s] and re-allege[s] paragraphs 1 through 61 herein." [ECF No. 49 at ¶ 62]. As a result, "[the defendants] and the district court [must] sift through the facts presented and decide for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed." *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."). Therefore, the Third Amended Complaint violates Rule 8(a)(2) and must be dismissed. *See Pilver v. Hillsborough County*, No. 15-2327, 2016 WL 3427108, at *2-3 (M.D. Fla. June 22, 2016); *see also Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) (describing shotgun pleadings as "altogether unacceptable"). Plaintiff will be permitted to file a Fourth Amended Complaint if he so chooses.[5]

---

[5] The Court notes that Plaintiff has had four opportunities to adequately plead his claims and serve the Defendant, but has repeatedly failed to comply with the Court procedural rules. Any additional failure to properly plead his claims may result in a dismissal with prejudice. *See Bloom v. Alvereze*, 498 Fed. App'x 867, 884 (11th Cir. 2012) ("After a district court grants an opportunity to amend and identifies the pleading's deficiencies, if the plaintiff fails to submit a proper pleading, dismissal with prejudice is appropriate."); *see also Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995) (dismissing a count with prejudice after three opportunities to amend). *Hill v. Bank of Am., Inc.*, No. 12-11740, 2013 WL 913852, at *2-3 (11th Cir. 2013) (dismissal with prejudice was not an abuse of discretion "after three unsuccessful attempts to meet Rule 8(a)'s very low threshold."); *Petrano v. Old Republic Nat. Title Ins. Co.*, No. , 2013 WL 1325030, at *2 (N.D. Fla. Mar. 27, 2013) (dismissing case with prejudice after multiple opportunities to amend and

4

III.   SERVICE

Defendant also argues that Plaintiff has yet to properly effectuate service on Defendant. Federal Rule of Civil Procedure 4(h)(1) provides:

> Serving a Corporation, Partnership, or Association.[6]  Unless federal law provides otherwise . . . a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1)   in a judicial district of the United States:
>
> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> >
> > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . .

Federal Rule of Civil Procedure 4(e)(1) requires that an individual within a judicial district of the United States be served by:

> (1)   following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . .

As Defendant is part of the Florida College System, it is governed by Florida Statute § 1001.63, which requires that "[i]n all suits against a board of trustees, service of process shall be made on the chair of the board of trustees or, in the absence of the chair, the corporate secretary or designee of the chair." Fla. Stat. § 1001.63.

It is undisputed that Plaintiff did not serve the chair of Defendant's Board of Trustees, corporate secretary, or a designee of the chair. Rather, Plaintiff alleges that he called Defendant's legal department in March 2016, and that Carmen Dominquez, an attorney in Defendant's Legal

---

for failure to comply with the Court's Orders to correct specific deficiencies.); *Ferentinos v. Kissimmee Utility Authority*, 604 Fed. App'x 808, 809-10 (11th Cir. 2015) (finding district court did not abuse its discretion in dismissing case with prejudice after plaintiff repeatedly ignored orders to cure complaint's deficiencies).

6   Defendant, a Florida College System Board of Trustees, is considered a corporation under Florida law.  *See* Florida Statue § 1001.63.

Affairs Department, agreed to accept service. Plaintiff prepared the summons using Ms. Dominquez's name and address at the College. On April 4, 2016, the U.S. Marshals Service served the Complaint by giving it to Nanette Orange, a paralegal in Defendant's Legal Affair's Department, who "stated she is authorized to accept service." [ECF No. 7].

While a plaintiff must comply with Florida law and the Federal Rules of Civil Procedure regarding service, parties may, and often do, waive the formal requirements of service. This frequently occurs when a defendant's counsel agrees to accept service. Based on the current record, it is unclear whether service was proper. In the event that Plaintiff files a Fourth Amended Complaint and chooses not to effectuate service in another manner, Defendant should be prepared to address whether Defendant's Legal Affairs Department waived service.

## **CONCLUSION**

Based on the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's "Third" Amended Complaint and Motion to Strike [ECF No. 64] is GRANTED in part. The Third Amended Complaint [ECF No. 49] is DISMISSED without prejudice;

2. Plaintiff shall file a Fourth Amended Complaint on or before January 9, 2017;

3. This action is CLOSED for administrative purposes and any pending motions are DENIED as MOOT. The Court will reopen the matter if and/or when Plaintiff files an actionable complaint;

4. Any failure by Plaintiff to comply with the Federal Rules of Civil Procedure, this Order, or any other Order of the Court shall result in a dismissal of this action with prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of December, 2017

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE