UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20963-CIV-GAYLES

ROBERT JOSEPH SARHAN, M.D.,

    Plaintiff,
v.

THE BOARD OF TRUSTEES OF
MIAMI-DADE COLLEGE,

    Defendant.
                                                      /

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's "Fourth" Amended Complaint. [ECF No. 96]. The Court has reviewed the Complaint, the record, and the applicable law. For the reasons set forth below, Defendant's Motion is **GRANTED**.

## BACKGROUND

Plaintiff Robert Joseph Sarhan ("Plaintiff") is a physician who worked as an adjunct professor at Miami-Dade College. Plaintiff contends that The Board of Trustees of Miami-Dade College ("Defendant") discriminated against him on the basis of race and national origin when it denied him a full-time teaching position in Defendant's Physician Assistant Program. Plaintiff also contends that Defendant retaliated against him after he complained about Defendant's allegedly discriminatory practices.

*Initial Complaint*

On March 16, 2016, Plaintiff, appearing pro se, filed a Complaint against Miami-Dade College. [ECF No. 1]. Defendant moved to dismiss, arguing that Plaintiff: (1) named the wrong

1

party as The Board of Trustees of Miami-Dade College was the proper defendant; (2) failed to properly serve Defendant; (3) failed to state a claim; and (4) improperly requested punitive damages. [ECF No. 10].

*Amended Complaint (Second Attempt)*

On May 31, 2016, before the Court ruled on Defendant's fully briefed motion to dismiss, Plaintiff filed an Amended Complaint, now naming Defendant as the proper party. [ECF No. 14]. Defendant moved to dismiss, again arguing improper service and failure to state a claim. On October 21, 2016, the Court granted Defendant's motion, finding that Plaintiff's Amended Complaint was a shot gun pleading because each count improperly adopted the allegations of all preceding counts. [ECF No. 33]. The Court directed Plaintiff to file a Second Amended Complaint on or before November 4, 2016, and instructed Plaintiff that failure to do so would result in dismissal of the action. Plaintiff failed to timely file a Second Amended Complaint and, on November 7, 2016, the Court dismissed this action without prejudice.

*Second Amended Complaint (Third Attempt)*

On November 15, 2016, Plaintiff moved to reopen the action, arguing that he did not receive the Order dismissing his Amended Complaint.[1] [ECF No. 39]. The Court permitted Plaintiff to amend his claims and, on December 21, 2016, Plaintiff filed his Second Amended Complaint. [ECF No. 46]. On January 4, 2017, Defendant moved to dismiss the Second Amended Complaint, again arguing improper service and failure to state a claim. [ECF No. 47]. Rather than respond to the Motion to Dismiss, Plaintiff filed a Third Amended Complaint without requesting leave of Court. [ECF No. 49]. Plaintiff then filed a belated request for leave to file his Third Amended Complaint. [ECF No. 52].

---

1     The Court's records indicate that the Clerk mailed the Order [ECF No. 33] to Plaintiff at 22795 SW 212 Avenue, Miami, Florida 33170—the same address currently listed for Plaintiff. Plaintiff has since provided the Court with an email address for notifications.

*Third Amended Complaint (Fourth Attempt)*

On September 22, 2017, the Court granted Plaintiff's request to file a Third Amended Complaint. On October 11, 2017, Defendant moved to dismiss the Third Amended Complaint, arguing failure to state a claim, improper service of process, and improper pleading. [ECF No. 64]. On December 22, 2017, this Court dismissed the Third Amended Complaint without prejudice. [ECF No. 91]. In that Order, the Court reviewed in depth the applicable law on shotgun pleadings and service of process. The Court granted Plaintiff leave to file a Fourth Amended Complaint on or before January 9, 2017.

*Fourth Amended Complaint (Fifth Attempt)*

After receiving two extensions of the deadline, Plaintiff ultimately filed his Fourth Amended Complaint on January 31, 2018. [ECF No. 95]. On February 14, 2018, Defendant moved to dismiss the Fourth Amended Complaint for failure to state a claim and improper pleading. [ECF No. 96].

## **ANALYSIS**

Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. They waste scarce judicial resources, "inexorably broaden[] the scope of discovery," "wreak havoc on appellate court dockets," and "undermine[] the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F. 3d 1291, 1295 (11th Cir. 2018); *see also Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991) (explaining that shotgun pleadings result in "[the defendants] and the district court sift[ing] through the facts presented and decid[ing] for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed"). Yet for Plaintiff's benefit, the Court has twice explained the pleading standards under the Federal Rules of Civil Procedure and the problems with shotgun pleadings. [ECF No. 33 (noting that

Plaintiff's Third Amended Complaint "commit[s] the mortal sin of containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint") (citing *Weiland v. Palm Beach Cnty. Sheriffs Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)]; [ECF No. 91 at 3 ("[A]ppearing pro se does not excuse a Plaintiff from following the Federal Rules of Civil Procedure, pleading requirements, or the rules of this Court.")].

To illustrate the Third Amended Complaint's deficiencies in light of these rules, in its prior Order on Defendant's Motion to Dismiss, the Court pointed to three specific instances in the Complaint where Plaintiff impermissibly "incorporate[d] every allegation by reference into each subsequent claim for relief," namely:

- Count One, where plaintiff "realleges all paragraphs set forth fully herein;"
- Count Two, where "plaintiff again realleges all paragraphs set forth fully herein, thus incorporating Count One into Count Two," and;
- Count Three, where "plaintiff incorporate[s] and re-allege[s] paragraphs 1 through 61 herein."

[ECF No. 91 at 4 (citing *Perret v. Wyndham Vacation Resorts, Inc.*, 946 F. Supp. 2d 1327, 1334 (S.D. Fla. 2012)]. And because of the imposition placed on the Court and the Defendants by Plaintiff's repeated shotgun pleadings, the Court warned Plaintiff that any additional failure to properly plead his claims "shall result in a dismissal . . . with prejudice." [ECF No. 91 at 7].

Unfortunately, this day has come. Plaintiff's Fourth Amended Complaint does not fix the problems present in the First, Second, and Third Amended Complaints. For example, although Plaintiff has potentially stated a prima facie case for employment discrimination under Title VII, he then "reincorporates and realleges" *all* the paragraphs in the Complaint to support the claim—despite certain paragraphs (namely, paragraphs 57 through 62 regarding Plaintiff's claim of retaliation and paragraphs 63 through 72 regarding Plaintiff's claim under 42 U.S.C. § 1981)

4

referring to factual allegations distinct from the employment discrimination claim. [ECF No. 95 ¶ 73]. Count II suffers the same fatal flaw. [*Id.* ¶ 83 (incorporating allegations from paragraphs 1 through 82, including Count I)]. And so too falls Count III. [*Id.* ¶ 85 (incorporating allegations from paragraphs 1 through 85, including Counts I and II)]. As the Court has repeatedly told Plaintiff, pleading in such a way "fail(s) to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." [ECF No. 33 (citing *Weiland*, 792 F.3d at 1323)]; [ECF No. 91 at 3-4 (same)]. Plaintiff has now had five chances to fix his Complaint. Plaintiff has not done so. The Court therefore has no choice but to dismiss with prejudice. *See e.g.*, *Bloom v. Alvereze*, 498 Fed. App'x 867, 884 (11th Cir. 2012).

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's "Fourth" Amended Complaint [ECF No. XX] is GRANTED WITH PREJUDICE;

2. This action is CLOSED for administrative purposes and any pending motions are DENIED as MOOT.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of September, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE